IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF ILLINOIS
MCLEAN COUNTY

FILED
McLEAN APR 1 7 2012 COUNTY
CIRCUIT CLERK

| | |
|---|---|
| ILLINOIS HIGH SCHOOL ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12MR 151 |
| | ) |
| LISA MADIGAN, | ) |
| Illinois Attorney General | ) FIRST CASE MANAGEMENT CONFERENCE |
| | ) BEFORE JUDGE LAWRENCE |
| | ) SET ON 10-4-12 AT 9:00 AM/PM |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, ILLINOIS HIGH SCHOOL ASSOCIATION, by HEYL, ROYSTER, VOELKER & ALLEN, its attorneys, and for its Complaint for Declaratory Judgment against Defendant, LISA MADIGAN, Illinois Attorney General, states as follows:

1. This is an action for declaratory relief pursuant to 735 ILCS 5/2-701.

2. The Plaintiff, the Illinois High School Association (hereafter "IHSA"), is an unincorporated voluntary association of public and private Illinois high schools with its headquarters located at 2715 McGraw Drive, Bloomington, McLean County, Illinois.

3. On March 2, 2012, the IHSA received a letter from Nicki Bazer, Chief, Disability Rights Bureau, of the Illinois Attorney General. This letter is attached hereto as Exhibit A. In the letter, the Illinois Attorney General, which, upon information and belief, represents the State of Illinois or its people in investigating and/or prosecuting alleged violations of the law, claims that the IHSA does not provide State Championship events for "disabled students" in swimming or track and field and that the same violates both state and federal law.

1

4. On March 19, 2012, a meeting was held between representatives of the Illinois Attorney General and the IHSA to discuss the Illinois Attorney General's request that the IHSA create a separate State Championship event in track and field for "disabled students" at the spring 2012 IHSA State Championship meet (hereafter the "Meeting"). At the Meeting, representatives of the Illinois Attorney General's office again reiterated its belief, without citing to any specific law, that the IHSA's failure to provide such separate events is in violation of state and federal law.

5. The 2012 IHSA State Championship meet in track and field is scheduled for May 17 – May 19, 2012, at Eastern Illinois University in Charleston, Illinois.

6. During the Meeting, the representatives for the Illinois Attorney General repeatedly threatened legal action against the IHSA should the IHSA fail to comply with the demand for a separate event for "disabled students" at the May 17 -19, 2012, IHSA State Championship track and field events.

7. Despite repeated indications by the Illinois Attorney General's representatives that the IHSA's lack of separate State Championship events for "disabled students" is in violation of state and federal law, at no time has the Illinois Attorney General's office set forth with particularity any specific violation of any specific law on the part of the IHSA.

8. An actual controversy exists between the IHSA and the Illinois Attorney General regarding the rights and obligations of the parties under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., and any other potentially

2

applicable state or federal law the Court deems relevant whereby a declaration of this Court is necessary to terminate said controversy.

9. Despite the Illinois Attorney General's repeated accusation that the IHSA is in violation of state and federal law, the IHSA does not believe that Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., nor any other potentially applicable state or federal law requires the IHSA to create a separate State Championship event for athletes with disabilities in track and field.

10. To the extent these aforementioned statutes apply, the IHSA has interpreted the same to promote inclusion of athletes with disabilities into IHSA state series events.

11. Accordingly, the IHSA has, at all times relevant hereto, endeavored to provide reasonable accommodations upon request to facilitate the inclusion of athletes with disabilities into IHSA state series events. Examples of such accommodations include, but are by no means limited to, the following:

    a) Permitting a student athlete with a prosthetic limb to compete in basketball;

    b) Permitting a student athlete to compete in bowling with the accommodation of a wheelchair and ramp;

    c) Permitting a visually impaired student athlete to compete in cross country with the accommodation of a guide runner;

    d) Permitting a paralyzed student athlete to compete in swimming with the accommodation of in-water starts;

    e) Permitting a student athlete with mobility impairments to compete in golf with the accommodation of a golf cart;

  f) Permitting a visually impaired student athlete to compete in golf with the accommodation of a spotter to assist in locating golf balls and determining yardages;

  g) Permitting a visually impaired student athlete to compete in golf with the accommodation of a monocular;

  h) Permitting a student athlete with a prosthetic limb to compete in gymnastics; and

  i) Permitting a student athlete with a hearing aid to compete in volleyball.

12. Consistent with its practice of promoting the opportunities of athletes with disabilities, the IHSA formed an Ad Hoc Committee on February 13, 2012. The purpose of the Ad Hoc Committee is designed to continue exploring the opportunities for athletes with disabilities in IHSA state series events, drawing upon the expertise of both individuals from within the Committee and beyond who have experience in developing and promoting opportunities for athletes with disabilities.

13. Despite attempts by the IHSA to discuss the parties' rights and obligations under applicable state and federal law, the Illinois Attorney General and her representatives have, at all times relevant hereto, refused to engage in such discussion. Instead, the Illinois Attorney General and her representatives have demanded a separate 2012 State Championship event in track and field for "disabled students" and have repeatedly threatened legal action in the instance the IHSA does not comply.

14. Given the parties' conflicting interpretations of state and federal law, the Illinois Attorney General's refusal to discuss the rights and obligations of the parties under applicable law, the Illinois Attorney General's demand for a separate event at the 2012 State Championship event, the repeated threats of initiating legal action against the IHSA and the impending IHSA

State Championship in track and field, the IHSA seeks guidance of this Court for an adjudication of the parties' rights and obligations under applicable state and federal law.

15. This matter represents an actual controversy as to the parties' respective rights and obligations under state and federal law whereby an adjudication by this Court of such rights and obligations is necessary to terminate said controversy.

WHEREFORE, Plaintiff, ILLINOIS HIGH SCHOOL ASSOCIATION, prays that the Court declare and adjudicate the rights of the parties as follows:

A. Declare that the IHSA is not obligated under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

B. Declare that the IHSA is not obligated under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

C. Declare that the IHSA is not obligated under the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

D. Declare that the IHSA is not obligated under any Illinois or Federal law deemed relevant and applicable by this Court to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

E. For such other and further relief as this Court deems just and proper.

ILLINOIS HIGH SCHOOL ASSOCIATION

s/Matthew S. Hefflefinger

By:
HEYL, ROYSTER, VOELKER & ALLEN
Matthew S. Hefflefinger
ARDC # 6201281
Patrick B. Poston
ARDC # 6306753

5

## **VERIFICATION**

STATE OF ILLINOIS )
                            ) ss.
COUNTY OF MCLEAN )

    Martin L. Hickman, being first duly sworn on oath, deposes and says that he is the Executive Director of the Plaintiff herein, Illinois High School Association, an unincorporated voluntary association, organized and doing business in the State of Illinois; that he is the authorized agent in this behalf for said Plaintiff; and that he has read the foregoing Verified Complaint on its behalf subscribed and knows the contents thereof; and that the matters and things contained therein are true in substance and in fact; and that the matters and things alleged therein on information and belief are true to the best of his knowledge, information and belief.

                                               s/Martin L. Hickman
                                      Martin L. Hickman, Executive Director
                                      Illinois High School Association

SUBSCRIBED AND SWORN to before me this 17th day of April, 2012.

                                               s/Tina M. Brown
                                               NOTARY PUBLIC

> OFFICIAL SEAL
> TINA M BROWN
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:11/10/13



**RECEIVED**

MAR 0 2 2012

By Illinois High School Assn.

**OFFICE OF THE ATTORNEY GENERAL**
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

February 27, 2012

Marty Hickman
Executive Director
Illinois High School Association
2715 McGraw Drive
Bloomington, Illinois 61704

Re: Participation of Athletes with Disabilities in State Championship Meets

Dear Mr. Hickman,

    It has come to the attention of the Attorney General that athletes with disabilities are being denied the opportunity to participate in IHSA state championship meets. While we applaud the IHSA for including a wheelchair basketball championship in its roster of events, there are currently no opportunities for disabled students to compete in swimming or in track and field. The exclusion of these athletes violates state and federal law and, more importantly, it denies these students the right to reach the pinnacle of their high school athletic careers, to compete against the best of the best and to be full members of their teams. It is imperative that this barrier be removed for these students who already face overwhelming barriers in their lives.

    We would like to sit down with you to discuss including these athletes in the 2012 track and field and swimming state championships. Please contact me at (312) 814-3399 or at nbazer@atg.state.il.us to let me know when you are available to come and meet with us at our offices in Chicago. We will expect to hear from you or your staff by March 12, 2012.

Sincerely,

s/Nicki Bazer

Nicki Bazer
Chief, Disability Rights Bureau

EXHIBIT A

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (877) 844-5461 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (800) 964-3013 • Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (877) 675-9339 • Fax: (618) 529-6416

