IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ILLINOIS HIGH SCHOOL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-1155 |
| | ) | |
| LISA MADIGAN, Illinois Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, ILLINOIS HIGH SCHOOL ASSOCIATION, by HEYL, ROYSTER, VOELKER & ALLEN, its attorneys, and for its First Amended Complaint for Declaratory Judgment against Defendant, LISA MADIGAN, Illinois Attorney General, states as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. The Plaintiff, the Illinois High School Association (hereafter "IHSA"), is an unincorporated voluntary association of public and private Illinois high schools with its headquarters located at 2715 McGraw Drive, Bloomington, McLean County, Illinois.

3. On March 2, 2012, the IHSA received a letter from Nicki Bazer, Chief, Disability Rights Bureau, of the Illinois Attorney General. This letter is attached hereto as Exhibit A. In the letter, the Illinois Attorney General, which, upon information and belief, represents the State of Illinois or its people in investigating and/or prosecuting alleged violations of the law, claims that the IHSA does not provide State Championship events

for "disabled students" in swimming or track and field and that the same violates both state and federal law.

4. On March 19, 2012, a meeting was held between representatives of the Illinois Attorney General and the IHSA to discuss the Illinois Attorney General's request that the IHSA create a separate State Championship event for "disabled students" at the spring 2012 IHSA track and field State Championship meet and the fall 2012 swimming State Championship event (hereafter the "Meeting"). At the Meeting, representatives of the Illinois Attorney General's office again reiterated its belief, without citing to any specific law, that the IHSA's failure to provide such separate events is in violation of state and federal law.

5. The 2012 IHSA Girls State Championship meet in track and field is scheduled for May 17 – May 19, 2012, at Eastern Illinois University in Charleston, Illinois. The 2012 IHSA Girls State Championship event in swimming is scheduled for November 16 – November 17, 2012, at New Trier High School in Winnetka, Illinois. These are annual, reoccurring events that are similarly scheduled each year.

6. During the Meeting, the representatives for the Illinois Attorney General repeatedly threatened legal action against the IHSA should the IHSA fail to comply with the demand for a separate event for "disabled students" at the May 17 -19, 2012, IHSA State Championship track and field events and the November 16 – 17, 2012, IHSA State Championship swimming events.

7. Despite repeated indications by the Illinois Attorney General's representatives that the IHSA's lack of separate State Championship events for "disabled students" is in violation of state and federal law, at no time has the Illinois Attorney General's office set forth with particularity any specific violation of any specific law on the part of the IHSA.

8. An actual controversy exists between the IHSA and the Illinois Attorney General regarding the rights and obligations of the parties under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., and any other potentially applicable state or federal law the Court deems relevant whereby a declaration of this Court is necessary to terminate said controversy.

9. Despite the Illinois Attorney General's repeated accusation that the IHSA is in violation of state and federal law, the IHSA does not believe that Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., nor any other potentially applicable state or federal law requires the IHSA to create separate State Championship events for student athletes with disabilities.

10. To the extent these aforementioned statutes apply, the IHSA has interpreted the same to promote inclusion of student athletes with disabilities into IHSA state series events.

11. Accordingly, the IHSA has, at all times relevant hereto, endeavored to provide reasonable accommodations upon request to facilitate the inclusion of athletes with disabilities into IHSA state series events. Examples of such accommodations include, but are by no means limited to, the following:

    a) Permitting a student athlete with a prosthetic limb to compete in basketball;

    b) Permitting a student athlete to compete in bowling with the accommodation of a wheelchair and ramp;

    c) Permitting a visually impaired student athlete to compete in cross country with the accommodation of a guide runner;

    d) Permitting a paralyzed student athlete to compete in swimming with the accommodation of in-water starts;

    e) Permitting a student athlete with mobility impairments to compete in golf with the accommodation of a golf cart;

    f) Permitting a visually impaired student athlete to compete in golf with the accommodation of a spotter to assist in locating golf balls and determining yardages;

    g) Permitting a visually impaired student athlete to compete in golf with the accommodation of a monocular;

    h) Permitting a student athlete with a prosthetic limb to compete in gymnastics; and

    i) Permitting a student athlete with a hearing aid to compete in volleyball.

12. Consistent with its practice of promoting the opportunities of athletes with disabilities, the IHSA formed an Ad Hoc Committee on February 13, 2012. The purpose of the Ad Hoc Committee is designed to continue exploring the opportunities for

athletes with disabilities in IHSA state series events, drawing upon the expertise of both individuals from within the Committee and beyond who have experience in developing and promoting opportunities for athletes with disabilities.

13. Despite attempts by the IHSA to discuss the parties' rights and obligations under applicable state and federal law, the Illinois Attorney General and her representatives have, at all times relevant hereto, refused to engage in such discussion. Instead, the Illinois Attorney General and her representatives have demanded separate State Championship events for "disabled students" and have repeatedly threatened legal action in the instance the IHSA does not comply.

14. Given the parties' conflicting interpretations of state and federal law, the Illinois Attorney General's refusal to discuss the rights and obligations of the parties under applicable law, the Illinois Attorney General's demand for separate events at the impending 2012 State Championship meets in track and field and swimming, and the repeated threats of initiating legal action against the IHSA, the IHSA seeks guidance of this Court for an adjudication of the parties' rights and obligations under applicable state and federal law.

15. This matter represents an actual controversy as to the parties' respective rights and obligations under state and federal law whereby an adjudication by this Court of such rights and obligations is necessary to terminate said controversy.

WHEREFORE, Plaintiff, ILLINOIS HIGH SCHOOL ASSOCIATION, prays that the Court declare and adjudicate the rights of the parties as follows:

A. Declare that the IHSA is not obligated under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

B. Declare that the IHSA is not obligated under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, to create separate 2012 State Championship events in swimming for high school student athletes with disabilities

C. Declare that the IHSA is not obligated under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

D. Declare that the IHSA is not obligated under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, to create separate 2012 State Championship events in swimming for high school student athletes with disabilities

E. Declare that the IHSA is not obligated under the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

F. Declare that the IHSA is not obligated under the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., to create separate 2012 State Championship events in swimming for high school student athletes with disabilities.

G. Declare that the IHSA is not obligated under any of the aforementioned laws nor any Illinois or Federal law deemed relevant and applicable by this Court to create separate 2012 State Championship events in track and field and/or swimming for high school student athletes with disabilities.

H. Declare that the IHSA is not obligated under Titles II or III of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12182, the Illinois Human Rights

Act, 775 ILCS 5/1-100, et seq., or any other state or federal law deemed relevant and applicable by this Court, to create separate State Championship events in any IHSA state series event for high school student athletes with disabilities.

I. For such other and further relief as this Court deems just and proper.

ILLINOIS HIGH SCHOOL ASSOCIATION

BY:     s/ Matthew S. Hefflefinger
HEYL, ROYSTER, VOELKER & ALLEN
Matthew S. Hefflefinger
ARDC #6201281
Patrick E. Poston
ARDC #6306753

HEYL, ROYSTER, VOELKER & ALLEN
Suite 600
124 SW Adams Street
Peoria, IL 61602
Telephone: 309.676.0400
Facsimile: 309.676.3374
mhefflefinger@heylroyster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicki Bazer
Judith Levitan
Office of the Illinois Attorney General
100 W. Randolph St., Floor 11
Chicago, IL 60601
(312) 814-3399
nbazer@atg.state.il.us

Alan M. Goldstein
Amy F. Peterson
Lauren M. Lowe
Equip for Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
(312) 341-0022
Alan@equipforequality.org

                                            s/ Matthew S. Hefflefinger
                                            Matthew S. Hefflefinger
                                                  ARDC #6201281
                                                  Patrick E. Poston
                                                  ARDC #6306753